# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JPMORGAN CHASE BANK, N.A.,

    Plaintiff,

v.

SFR INVESTMENT POOL1, LLC et al,

    Defendants.

Case No. 2:16-cv-02797-KJD-CWH

**ORDER**

Presently before the Court is SFR Investment Pool1, LLC ("SFR")'s Counter-Motion to Stay All Proceedings (#41). JPMorgan Chase Bank, N.A. ("Bank"), filed a response (#46) to which SFR replied (#51).

**I. Background**

On December 5, 2016, the Bank filed a complaint seeking declaratory relief and quiet title. The Bank argues that in light of the Ninth Circuit's decision in Bourne Valley and under the return doctrine, NRS Chapter 116's notice scheme should return to its 1991 version. The Bank alleges that the HOA foreclosure sale at issue did not extinguish the Bank's deed of trust because NRS 116.3116, as it existed prior to the amendments that took effect on October 1, 2015, facially violated mortgage lenders' constitutional due process rights. As such, the Bank claims that any notice they did receive was inadequate and insufficient.

**II. Analysis**

    A. Certified Question

On April 21, 2017, this Court certified the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners['] associations to provide notices of default to banks even when a bank does not request notice?" Bank of New York Mellon v. Star Hill Homeowners Assoc., 2017 WL 1439671, at *5 (D. Nev. April 21, 2017). In granting certification, the Court reasoned the following: In Bourne Valley, the Ninth Circuit definitively stated the statute's "opt-in" framework is unconstitutional. Bourne Valley Court Trust v. Wells Fargo Bank, NA, 832 F.3d 1154, 1160 (2016). However, that leaves this Court with the unresolved question of what notice must be provided. The Ninth Circuit has stated "[i]t is solely within the province of the state courts to authoritatively construe state legislation." Cal. Teachers Ass'n v. State Bd. of Educ., 271 F.3d 1141, 1146 (9th Cir. 2001). As such, state law questions of first impression like this one should be resolved by the state's highest court. See Huddleston v. Dwyer, 322 U.S. 232, 237 (1944).

    B. Stay of the Case

SFR argues the best course of action for this Court to take in the present case is to institute a stay until the pending certified question in Bank of New York Mellon is resolved by the Nevada Supreme Court. A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936); Dependable Highway Exp., Inc., v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). When determining whether a stay is appropriate pending the resolution of another case — often called a "Landis stay" — the district court must weigh: (1) the possible damage that may result from a stay; (2) any "hardship or inequity" that a party may suffer if required to go forward; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). Weighing these considerations, the Court finds that a Landis stay is appropriate.

**1. Damage from a stay**

The only potential damage that may result from a stay is that the parties may have to wait longer for resolution of this case and any motions that they have filed or intend to file in the future. But a delay would also result from any rebriefing or supplemental briefing that may be necessitated pending the Nevada Supreme Court's answer to the certified question. It is not clear that a stay will ultimately lengthen the life of this case.

Additionally, a stay of this case pending resolution of the certified question is expected to be reasonably short. This Court certified the question approximately five months ago, and briefing on the pending petition in Nevada's Supreme Court is nearing completion. Because the length of this stay is directly tied to the petition proceedings in that case, it is reasonably brief, and not indefinite. Thus, the Court finds only minimal possible damage that this stay may cause.

**2. Hardship and inequity**

Both parties equally face hardship or inequity if the Court resolves the claims or issues before the certified question has been resolved. Further, in the interim both parties stand to benefit from a stay, regardless of the outcome of the certified question. A stay will prevent unnecessary briefing and premature expenditures of time, attorney's fees, and resources.

**3. Orderly course of justice**

The question of what notice is now required under NRS Chapter 116 in light of the Ninth Circuit decision Bourne Valley is a focal point of this case. The jurisprudence in this area of unique Nevada law continues to evolve, causing parties in the scores of foreclosure-challenge actions to file new motions or supplement the ones that they already have pending, resulting in "docket-clogging entries and an impossible-to-follow chain of briefs in which arguments are abandoned and replaced." Nationstar Mortg., LLC v. Springs at Spanish Trail Assoc., 2017 WL 752775, at *2 (D. Nev. Feb. 27, 2017). Staying this case pending the Nevada Supreme Court's disposition of the certified question in Bank of New York Mellon will permit the parties to evaluate, and the Court to consider, viability of the claims under the most complete precedent. This will

simplify and streamline the proceedings and promote the efficient use of the parties' and the Court's resources.

**4. Summary**

An answer to the certified question will provide much needed clarity, and may be dispositive of many of the issues currently before the Court in this case. In <u>Bank of New York Mellon</u>, the Court did not and could not rely upon any controlling state law as to the requirements of notice, just as this Court cannot do so here. Allowing the Nevada Supreme Court to answer this question before considering any other motions will provide this Court the necessary guidance as to how to handle the issue of notice and actual notice in light of <u>Bourne Valley</u>. Therefore, the Court orders this action stayed. Once the Nevada Supreme Court has resolved the question certified in <u>Bank of New York Mellon</u>, either party may move to lift the stay.

**III. Conclusion**

Accordingly, it is HEREBY ORDERED that SFR Investment Pool1, LLC's Motion to Stay All Proceedings (#41) is **GRANTED**.

IT IS FURTHER ORDERED that all pending motions are **DENIED without prejudice**;

IT IS FURTHER ORDERED that this action is **STAYED**.

DATED this 5th day of October, 2017.

_____
Kent J. Dawson
United States District Judge

4