UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JP MORGAN CHASE BANK, N.A.,

Plaintiff,

v.

SFR INVESTMENTS POOL 1, LLC, *et al.*,

Defendants.

Case No. 2:16-cv-2797-KJD-DJA

**ORDER**

Before the Court is Defendant SFR Investments Pool 1, LLC's Motion for Default Judgment against Laurey Powers (ECF No. 70). Powers has not responded. This is an action to quiet title in a residential property located at 1356 Dream Valley Street, in Henderson, Nevada. On March 1, 2019, the parties notified the Court that they had reached a settlement on each of JP Morgan's claims and on SFR Investments' counterclaims against the bank. See ECF No. 63. The Court granted the parties' stipulation of dismissal three days later. ECF No. 65. The only claim that the settlement did not resolve was SFR Investments' quiet title crossclaim against former owner Laurey Powers, who has not participated in the case in any meaningful way. The Clerk of the Court entered default judgment against Powers in February of 2019. ECF No. 62.

On October 17, 2019, the Court ordered SFR Investments to move for default judgment against Powers or otherwise advise the Court of its plan for its pending crossclaim. SFR Investments timely moved for default judgment under that order. SFR Investments argues that Powers—and her successors and assigns—have no right, title or interest in the property. Powers has not disputed this. Given Powers failure to respond or participate in this suit, the Court grants SFR Investments' motion, enters a default judgment against Powers, and declares that neither Powers nor her successors or assigns own any right, title, or interest in the property.

Default judgments are generally disfavored due to the judicial interest in deciding cases

1 | on their merits. Eitel v. McCool, 782 F.2d ,1472 (9th Cir. 1986). However, the Court may
2 | exercise its discretion to enter default judgment against a non-participating party. Id. at 1471.
3 | The Federal Rules of Civil Procedure outline a two-step process to obtain a default judgment.
4 | First, the party seeking judgment must request entry of default from the court clerk. Fed. R. Civ.
5 | P. 55(a). If the plaintiff's claim is for sum certain, the clerk may then enter a final judgment in
6 | the plaintiff's favor without involving the Court. Fed. R. Civ. P. 55(b)(1). In all other cases, the
7 | plaintiff proceeds to step two and must move the Court for default judgment. Fed. R. Civ. P.
8 | 55(b)(2).

The Court considers seven factors to determine whether a plaintiff's request for default judgment overcomes the Court's interest in deciding the case on its merits. They are: (1) the possibility of prejudice to the plaintiff if it does not receive the default judgment; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was a product of excusable neglect; and (7) the strong policy in favor of deciding cases on their merits. Eitel, 782 F.2d at 1471–72.

The first Eitel factor asks if the plaintiff would suffer prejudice if it did not receive a default judgment. Here, the Court finds that SFR would suffer prejudice without a default judgment because it could be forced to re-litigate its property interest against Powers. If Powers later decided to assert an interest in the property, SFR Investments would incur additional attorney fees and court costs to defend a claim Powers could have—and should have—brought during this proceeding. Forcing SFR Investments to litigate that question again would be wholly unnecessary. Therefore, this factor supports default judgment.

The second and third Eitel factors examine whether the allegations in plaintiff's complaint are sufficiently pleaded to warrant a judgment in its favor. Although the parties settled most of their claims before the Court made definitive factual and legal findings, the issues this case presented are familiar to the Court. The primary question here was whether JP Morgan's deed of trust survived a homeowner association's nonjudicial foreclosure. Whether that foreclosure also extinguished Powers's interest is simpler. The association's foreclosure almost

certainly extinguished any interest Powers could claim. SFR Investments pleaded as much in its crossclaim. Therefore, the second and third Eitel factors support default judgment.

Eitel's fourth factor turns on the amount of money at stake in the dispute. Here, this factor is not applicable. SFR does not seek damages from Powers. It seeks a declaration that its interest in the property is superior to Powers's interest. Therefore, this factor is neutral.

Next is the possibility of a dispute over the material facts of SFR's claims. Although the timing of the parties' settlement prevented the Court from evaluating the evidence supporting their claims, the Court finds little risk of a future factual dispute between Powers and SFR Investments. Therefore, this factor supports default judgment.

The next Eitel factor considers whether Powers's lack of participation in this suit is excusable. The Court finds no evidence that it is. Powers was properly served in May of 2017, but she did not answer. Summons, ECF No. 31. Then, the Clerk of the Court entered default against Powers. ECF No. 62. Like many other quiet title cases in this district, this case was prolonged while the state and federal appeals courts tried to settle the law surrounding NRS § 116. In all, the case spanned nearly three years before the parties settled. It was stayed for a time, and multiple docket entries include Powers on the certificate of service. This is all to say that Powers had ample notice of the pending action against her and an opportunity to participate after being properly served. There is no evidence that Powers's neglect would be excusable. Therefore, this factor favors default judgment.

The final Eitel factor considers the public policy of adjudicating cases on their merits. The Court appreciates the public benefit in reaching the merits of each case. Here however, every other factor either favors default judgment or is neutral. Accordingly, the Court is justified to exercise its discretion to enter default judgment against Powers.

///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that SFR Investments Pool 1, LLC's Motion for Default Judgment (ECF No. 70) is **GRANTED**. Neither Cross-defendant Laurey Powers, nor her successors and assigns, shall have any right, title, or interest in the property located at 1356 Dream Valley Street, in Henderson, Nevada.

The Clerk of the Court shall **ENTER JUDGMENT** in favor of SFR Investments Pool 1, LLC and against Laurey Powers.

Having adjudicated each outstanding claim, the Clerk of the Court is directed to close this case.

Dated this 6th day of November, 2019.

_____
Kent J. Dawson
United States District Judge